UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

───────────────────

№ 25-CV-6720 (RER)

───────────────────

Luz Dary Hinestroza Arango

versus

Kenneth Genalo; Todd M. Lyons; Kristi Noem; and Pamela Bondi

───────────────────

**MEMORANDUM**

───────────────────

**RAMÓN E. REYES, JR., District Judge:**

Petitioner Luz Dary Hinestroza Arango ("Arango" or "Petitioner"), a native and citizen of Colombia, was arrested by U.S. Department of Homeland Security ("DHS") officers on December 3, 2025, pursuant to an I-200 Warrant of Arrest, following an asylum interview appointment. (ECF No. 13-1 at 5). Arango filed a petition for habeas corpus with this Court two days later seeking, *inter alia*, release from custody. (ECF No.1 at 9–10). On December 15, 2025, this Court held a hearing regarding Arango's petition. Following arguments by the parties, this Court GRANTED the writ and directed Respondents to release Arango forthwith. (ECF No. 18). The Court's reasoning in doing so is as follows.

## BACKGROUND

Petitioner came to the United States in 1998 or 1999 on a non-immigrant B1/B2 Visitor Visa. (ECF Nos. 1 ¶ 3; 1-1 at 5; 11-1 ¶ 3; 13-1 at 7).[1] Petitioner does not refute

───────────────────

[1] Arango's Notice to Appear states that she was admitted to the United States on or about November 21, 1998, and was permitted to remain in the country until May 20, 1999. (ECF 13-1 at 7). Petitioner states that

that she overstayed her visa and has lived in the United States ever since. (ECF 1 ¶ 3). Nine years ago, Petitioner submitted an I-589 application for asylum with United States Citizenship and Immigration Services ("USCIS"). (ECF No. 7 at 1). Separately, on March 8, 2023, Petitioner's U.S. citizen daughter submitted to USCIS an I-130 Petition for Alien Relative, with Petitioner as the beneficiary. (ECF 1-1 at 3). On October 7, 2023, USCIS notified Petitioner's daughter that her I-130 Petition for Alien Relative was approved. (ECF 1-1 at 3). Sometime after the I-130 was approved, Petitioner submitted a form I-485 Application for Adjustment of Status. (ECF 1 ¶ 4). That application is currently pending.

On December 3, 2025, Arango appeared for an asylum interview appointment at the USCIS asylum office in Bethpage, New York. (ECF No. 1 ¶ 4). Arango presented a letter to withdraw her I-589 asylum application, as well as proof of the approved I-130 and pending I-485. (ECF No. 1 ¶ 6). After being at the asylum office for several hours, DHS arrested and detained Arango, transported her to the ICE "Temporary Hold Room" (ICE-ERO office) located at the United States Courthouse, 100 Federal Plaza, Central Islip, New York,[2] and served her with an I-200 Warrant of Arrest. (ECF Nos. 11-1 ¶ 4; 13-1 ¶ 3; 13-1 at 5). Petitioner's counsel then filed a motion for a pre-filing bond hearing with the immigration court. (ECF No. 15 at 2).

Two days later, on December 5, 2025, Immigration and Customs Enforcement ("ICE") served Arango with a Notice to Appear ("NTA") "charging her as inadmissible

---

she came to the United States on May 20, 1999. (ECF 1 ¶ 3). While not relevant to this Court's analysis, the Court notes the slight variation in factual background by the parties.

[2] Bethpage and Central Islip, New York are roughly 20 miles apart.

under INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, she had remained in the United States for a time longer than permitted, in violation of this Act or any other law of the United States." (ECF Nos. 11-1 ¶ 4; 13-1 at 7). Arango was also "served with a Notice of Custody Determination which determined that 'pending a final administrative determination in [her] case, [she] will be detained by the Department of Homeland Security.'" (ECF Nos. 13-1 ¶ 5; 13-1 at 11). On the Notice of Custody Determination, Arango requested that an immigration judge review the custody determination. (ECF No. 13-1 at 11). Arango was then transported from Central Islip, New York, to Newark, New Jersey. (ECF No. 11-1 ¶ 5). That same day, Arango's counsel filed a petition for a writ of habeas corpus with this Court. (ECF No.1 at 9–10). This Court issued an Order directing that Petitioner not be removed from the United States or transferred to a jurisdiction outside of the Eastern District of New York, Southern District of New York, or District of New Jersey. (ECF No. 6).

Between December 6, 2025, and December 11, 2025, in violation of this Court's Order, Arango was moved from New Jersey to Arizona and Louisiana, and places in between. (ECF Nos.11-1 ¶¶ 5, 8–9; 13-1 ¶ 8). Further, between those dates, Arango's counsel sought review of Arango's custody determination by an immigration judge on four separate occasions, in both New York and New Jersey. (ECF No. 15 at 1). Bond hearings were scheduled and subsequently cancelled by the immigration courts because Arango was not located in their jurisdiction. (ECF Nos. 11-1 ¶ 15; 15-1 at 2, 4–7). Finally, on December 12, 2025, Arango was transferred back to the District of New Jersey in

3

compliance with this Court's prior Order, and is being held at the Delaney Hall Detention Facility in Newark, New Jersey. (ECF 13-1 ¶ 8).

## DISCUSSION

I. <u>Arango's Constitutional Due Process Rights Were Violated</u>

The Due Process Clause of the Fifth Amendment prevents the Government from depriving any person of "life, liberty, or property, without due process of law." U.S. Const. amend. V. "It is well established that such protection extends to noncitizens, including those who are in removal proceedings." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 492 (S.D.N.Y. 2025).

There are two due process violations related to Arango's arrest and detention that require granting of the writ.

First, there is no indication in the record that a custody determination was made before or contemporaneous with Arango's December 3, 2025, arrest. This is a violation of Arango's due process rights. *See Gopie v. Lyons*, No. 25-CV-05229 (SJB), 2025 WL 3167130, at *2 (E.D.N.Y. Nov. 13, 2025). Under Section 1226(a), the Attorney General, or its designated officers, may "arrest" or "detain" a noncitizen pending a removal decision. 8 U.S.C. § 1226(a). "But *before* the Government may exercise such discretion to detain a person, Section 1226(a) and 8 C.F.R. 1236.1(c)(8) require ICE officials to make an individualized custody determination." *Gopie*, 2025 WL 3167130, at *2 (citation omitted). "ICE must allow the noncitizen to demonstrate to the satisfaction of the officer that . . . release would not pose a danger to property or persons, and that the noncitizen is likely to appear for any future proceeding." *Kelly v. Almodovar*, No. 25 Civ. 6448 (AT), 2025 WL 2381591, at *3 (S.D.N.Y. Aug. 15, 2025) (citation and brackets omitted). In

4

anticipation of the writ hearing, this Court ordered the Respondents to provide, among other things, "[a]ny individualized custody determination relating to Petitioner made by an Immigration and Customs Enforcement officer prior to or contemporaneously with her arrest" and "[w]hether any such detention determination was made as a matter of discretion, or part of a mandatory policy and what factors were considered in reaching the result." (ECF No. 12 at 2). Respondents failed to provide the Court with this information. The only evidence that this Court has been provided is that on December 5, 2025, *two days after the arrest*, an ICE official issued a Notice of Custody determination (ECF 13-1 at 11), which is not enough. There is no evidence that the immigration officer who issued the arrest warrant, or anyone else, made an independent determination of whether detention was warranted prior to or concurrently with Petitioner's arrest.

Second, Arango was not served with a I-862 Notice to Appear ("NTA") until *two days after her arrest*, which was too late. *Gopie*, 2025 WL 3167130, at *1. Under Section 1236.1, "[a]t the time of issuance of the notice to appear, or at any time thereafter . . . the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." 8 C.F.R. § 1236.1. This Court is not willing to say that two days is within the concept of contemporaneousness. Because Arango was not served with a NTA under *after* her arrest, her due process rights were violated.

II.     Arango Is Not Required to Exhaust Administrative Remedies

This Court rejects Respondents' argument that Petitioner "has not exhausted available administrative remedies and is therefore not entitled to relief from this Court." (ECF 13 at 2). As evidenced by Petitioner's letters to the Court (ECF Nos. 15 at 2; 15-1 at 2–7), and representations at the December 15, 2025, hearing, Petitioner and her

5

counsel did everything within their power to exhaust her administrative remedies and get a custody re-determination hearing before an immigration judge. Petitioner was moved here, there, and anywhere, and could not be within the jurisdiction where her bond hearings were requested, up to and including her hearing scheduled for December 12, 2025. This is not a failure to exhaust case. Arango "is not required to exhaust a process that was deficient from the outset." *Gopie*, 2025 WL 3167130, at *3.

Even if this were a failure to exhaust case, this Court would excuse Petitioner's failure. "[C]ourts in this Circuit may excuse exhaustion where certain exceptions apply, including when (1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Lopez Benitez*, 795 F. Supp. 3d at 496 (citation omitted). The Court excuses exhaustion, if any, because Petitioner has raised a substantial constitutional question. "[G]iven the nature of the constitutional violation [Arango] sustained here—i.e., Respondents' failure to conduct any kind of individualized assessment *before* detaining [her]—any post-deprivation review by an immigration judge would be inadequate." *Id.* at 497.[3]

\*   \*   \*

---

[3] A very strong argument could also be made that exceptions one, two and three apply as well.

6

For the reasons set forth above, the Court **GRANTS** Petitioner's writ. Petitioner is to be released forthwith, if not already released.

SO ORDERED.

<u>/s/ Ramón E. Reyes, Jr.</u>

RAMÓN E. REYES, JR.
United States District Judge

Dated: December 16, 2025
           Brooklyn, New York